UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THE GILLETTE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>SAVE AND DISCOUNT LLC,<br><br>Defendant. | Case No. 1:15-cv-636<br><br>**JUDGE BLACK**<br><br>*Declaration of John Lipchitz, Esq. in Support of The Gillette Company's Motion for Default Judgment Against Defendant Save and Discount LLC.* |

Pursuant to 28 U.S.C. 1746, I, John Lipchitz, Esq., declare and state as follows:

1. I am an attorney duly licensed to practice law in the Commonwealth of Massachusetts. I am the in-house counsel at The Gillette Company who reviews the bills sent by the law firm of Dinsmore & Shohl regarding the above-captioned case. I have personal knowledge of the matters set forth herein.

2. In the summer of 2015, The Gillette Company obtained, and tested, product purchased from the eBay seller "thepeddlershoppe" that purported to be OEM Mach3® razor blade cartridges. Based on this testing and the identification of the lot numbers listed on the tested product, The Gillette Company was able to determine that the product was from a "pre-production test run" of new Mach3® razor blade cartridges that had not yet been introduced to the U.S. market, and thus was never legitimately distributed or sold by The Gillette Company.

3. I received, and processed for payment, invoices from the law firm of Dinsmore & Shohl for legal services rendered in the prosecution of the above-captioned case. These include invoices dated November 24, 2015, December 16, 2015, January 21, 2016, February 10, 2016, March 16, 2016, and April 21, 2016.

4. The invoices referenced in Paragraph 3 above dated November 24, 2015, December 16, 2015, and January 21, 2016 included billing information for matters including the above-referenced case against Save and Discount, LLC ("Defendant") as well as other matters being handled by the firm of Dinsmore & Shohl. In order to determine the amount of each such invoice attributable to legal services rendered in the prosecution of the case against Defendant, the narrative accounts of each bill were reviewed and determined whether the work performed was rendered in relation to Defendant or to another matter. Only the work performed in relation to Defendant was included in the determination of the attorneys' fees sought to be recovered in this matter. Although this review was

performed by Dinsmore & Shohl legal counsel, it was reviewed with me and I am in agreement with the result reached.

5. The invoices referenced in Paragraph 3 above dated February 10, 2016, March 16, 2016, and April 21, 2016 related solely to services rendered in relation to this litigation; therefore, the full amount of those invoices was included in the determination of the attorneys' fees sought to be recovered in this matter. Although this review was performed by Dinsmore & Shohl legal counsel, it was reviewed with me and I am in agreement with the result reached.

6. Additional work was performed by Dinsmore & Shohl in relation to this litigation in the month of April 2016, which has not yet been invoiced to The Gillette Company. The amount of this work was included in the determination of the attorneys' fees sought to be recovered in this matter. Although the determination of the amount of services rendered, but not yet invoiced, in April of 2016 was performed by Dinsmore & Shohl legal counsel, it was reviewed with me and I am in agreement with the result reached.

7. At various times throughout the litigation, two separate attorneys billed time for legal services rendered in the prosecution of the case against Defendant: Karen Gaunt, whose billing rate for Gillette matters is $335.75 per hour, and Tammy L. Imhoff, whose billing rate is $221.00 per hour.

8. Based on the analysis described above, a conservative estimate of the fees paid by Gillette for legal services rendered in the prosecution of the case against Defendant from September of 2015 through April of 2016 is $21,489.51.

9. The fees paid to Dinsmore & Shohl in the prosecution of this case include fees paid for investigation into Defendant, drafting of a cease and desist letter to Defendant, drafting of the Complaint and related documents, service of the Complaint and related documents, negotiations with Defendant's counsel, drafting, service of, negotiation, and review of information provided in response to subpoenas to third parties eBay and Paypal, and activities related to seeking an entry of default against Defendant, drafting of a motion for default judgment, and other necessary and proper activities related to the prosecution of this matter.

10. Based upon my experience managing such litigations in my role as in-house counsel for The Gillette Company, I believe the fees charged by Dinsmore & Shohl for the services described in Paragraph 9 above were reasonable.

-Remainder of Page Left Intentionally Blank-

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

_____
John Lipchitz, Esq. (Mass. Bar # 664966)

Executed the 4th day of May, 2016 in Boston, MA.

10307464